IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICE LANGSTON, on behalf of
herself and on behalf of all others
similarly situated,

    Plaintiff,

v.                                         CASE NO.:

LUXURY TRANSPORTATION GROUP,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Patrice Langston ("Plaintiff"), by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this action against Defendant, Luxury Transportation Group ("Defendant"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages and minimum wage for all hours worked under 29 U.S.C. § 215(a)(2) and Florida Statute § 448.110.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Osceola County, Florida.

5. Defendant operates a luxury transportation business in Orlando and throughout Florida, including Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Named Plaintiff Langston was employed by Defendant as a Driver of Defendant's luxury motor coaches.

10. The putative class of similarly situated employees consists of all other Drivers employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

13. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

18. At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

19. In an effort to avoid providing its Drivers with the minimum benefits and protections afforded employees under the FLSA and Florida law, Defendant has willfully, uniformly, and unilaterally classified each and every one of its Drivers as independent contractors, rather than employees, despite the fact that the factual circumstances of the relationship between Defendant and its drivers clearly demonstrate that Defendant's drivers are in fact employees of the company.

20. Under the FLSA and Florida law, Defendant's drivers should be considered employees for, among others, the following reasons:

   a. Defendant retains the right to control, and in fact does control, the manner and means by which all Drivers accomplish their work;

   b. Defendant requires its Drivers to clock in through an application on their phones once passengers board Defendant's vehicles and to clock out after the last passenger exits regardless of any time to return Defendant's vehicle to a station;

c. Defendant pays an hourly rate to its Drivers based on which of Defendant's vehicles are scheduled for the trip;

d. Defendant retains the right to hire and fire Drivers in its sole discretion;

e. Defendant retains the right to write up its Drivers for violating its rules;

f. Drivers do not engage in business distinct from that of Defendant;

g. Defendant sets all rates of pay for its Drivers and prohibits its Drivers from setting rates of pay for their services;

h. Defendant requires each Driver to engage in a mandatory training sessions which Defendant controls and coordinates for the Driver's attendance;

i. Defendant requires that each Driver comply with its "LTG Company Policies and Procedure";

j. Defendant requires its Drivers to save, maintain, and remit daily receipts for fuel, tolls, hotels, and trip manifests;

k. Defendant retains the right to discipline its drivers in its sole discretion; and, finally,

l. Defendant owns and controls the vehicles its Drivers operate and controls the scheduling of the trips.

## **FACTS**

21. Named Plaintiff Langston began working for Defendant as a Driver in May 2019, and she continues to work for Defendant in this capacity at the time of filing.

22. Defendant pays its Driver's $20 per hour to drive Defendant's motor coaches for the trips it schedules. Defendant pays $17 per hour to drive Defendant's mini buses for the trips it schedules. Defendant pays $200 per day as a maximum if the trips it schedules are required to take its Driver's out of Orlando.

23. At various times material hereto, Plaintiff and the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

24. Defendant failed to pay Plaintiff and Members of the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

25. Defendant does not pay its hourly rate, let alone the premium pay for overtime, to its Drivers for time spent driving its vehicle from its resting location to the customer pick up location.

26. Defendant does not pay its hourly rate, let alone the premium pay for overtime, to its Drivers for time spent driving its vehicle from the customer drop off location to its resting location.

27. Defendant does not pay its hourly rate, let alone the premium pay for overtime, for any waiting time a Driver must endure in waiting on Defendant's customers to arrive or board the vehicle.

28. Defendant does not pay its hourly rate, let alone the premium pay for overtime, to its Drivers for time spent conducting inspections of Defendant's vehicles

5

pre-trip and post-trip, even though Defendant holds its Driver's accountable and withholds payment for any damage, regardless of how minor.

29. Plaintiff and Defendant's Drivers are not paid minimum wage for all hours "worked," as that term is defined by the FLSA.

30. Plaintiff works incredibly long hours while working for Defendant for what frequently amounts to sub-minimum wage weekly compensation.

31. Defendant failed to pay at least minimum wage to Plaintiff and its Drivers for all hours worked.

32. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

33. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of Drivers whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

35. Therefore, Notice is properly sent to: "All Drivers whom Defendant failed to compensate for all of the overtime hours that they worked from January 2017 to the present."

36. The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

37. Plaintiff is similar to the Class because she and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

38. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

39. Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

40. Overall, Plaintiff's experience as a Driver who worked for Defendant is typical of that of the Class.

41. Specific job titles or job duties of the Class do not prevent collective treatment.

42. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

43. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 42 of this Complaint, as fully set forth herein. Plaintiff brings this action on behalf of herself

and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

44. During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

45. Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

46. The Members of the Class are similarly situated because they were all employed as Drivers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its Drivers for all of the overtime hours that they worked in accordance with the FLSA.

47. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

48. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

49. As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that she seeks to represent, in accordance with the FLSA;

b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate;

f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate as liquidated damages;

h) Judgment against Defendant, stating that its violations of the FLSA were willful;

i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

### COUNT II – FLSA MINIMUM WAGE VIOLATION

50. Plaintiff realleges and readopts the allegations of paragraphs 1 through 42 of this Complaint, as though fully set forth herein.

51. During the statutory period Plaintiff and the putative class members worked for Defendant but were not paid minimum wage for all hours that they worked, as mandated by the FLSA.

52. The Foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 298 US.C. § 255 (a).

53. As a result of the foregoing, Plaintiff and the putative class members suffered damages.

***WHEREFORE***, Plaintiff and all similarly situated employees who join this collective action demand:

a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that she seeks to represent in accordance with the FLSA;

b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

e) Judgment against Defendant for an amount equal to the unpaid minimum wage of Plaintiff and of opt-in Members of the Class;

f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and of opt-in Members of the Class at the applicable minimum wage as liquidated damages;

h) Judgment against Defendant, stating that its violations of the FLSA were willful;

i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## CLASS ACTION ALLEGATIONS

54. Plaintiff asserts his Rule 23 class claims on behalf of a Putative Class defined as follows:

**All persons employed by Luxury Transportation Group as drivers in Florida within four years of the filing of this complaint through the date of final judgment in this action.**

55. Plaintiff is and has been a member of the Putative Class described herein.

56. The number of persons in the Putative Class herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that the Putative Class herein includes over 200 persons.

57. Disposition of Plaintiff's claims in a class action will benefit all parties and the Court.

58. There is a well-defined community of interest presented by the Putative Class herein in that, among other things, each member of the Putative Class has an interest in being classified as an employee rather than an independent contractor, obtaining other appropriate legal relief for the harm of which Plaintiff complains, and obtaining other adequate compensation for the common damages which Plaintiff and all other persons similarly situated have suffered as a result of Defendant's actions.

59. Each Class Member herein has performed labor for Defendant at Defendant's request at some time during the Class Period, while the Class was unlawfully misclassified as independent contractors.

60. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

61. The prosecution of separate actions by individual members of the Putative Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Class which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the Putative Class herein which would, as a practical matter, be dispositive of the interests of other members of the Putative Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

62. Common questions of law and fact exist in this case with respect to the Putative Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

63. At some time during the Class Period, all of the individuals in the Putative Class herein have been employed by Defendant as drivers and have been unlawfully subjected to a uniform and consistent set of compensation, as described more fully herein.

64. The common questions of fact involved in this case include, without limitation, whether each member of the proposed Class herein have worked hours during

the Class Period for which they have not been paid at least the minimum wage required by Florida law.

65. The common questions of law involved in this case include, without limitation: (1) whether Class Members performed labor for Defendant as employees or as independent contractors; (2) whether Defendant has violated Section 24, Article X of the Florida Constitution as well as Florida Statute § 448.110 by failing to pay its driver employees at least the legally required minimum wage for each and every hour worked; and, (3) whether Plaintiff and those other persons similarly situated are entitled to general and/or special damages as a result of any of the legal violations complained of herein, and the nature of such damages.

66. The claims of the named Plaintiff in this case are typical of those of the other Class Members which he seeks to represent, in that, among other things, Plaintiff and each other Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendant as complained of herein.

67. The claims of the named Plaintiff herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiff seeks to represent.

68. The named Plaintiff herein will fairly and adequately represent and protect the interests of the members of the Putative Class which he seeks to represent. Plaintiff does not have any interests which are antagonistic to the interests of the Putative Class herein.

69. Counsel for Plaintiff herein are experienced, qualified and generally able to conduct complex class action legislation.

70. At all times relevant hereto, Section 24, Article X of the Florida Constitution as well as Florida Statute § 448.110 were, and continue to be, in full force and effect, and the Defendant herein was, and continues to be, bound thereby.

71. The relief sought in this action is necessary to restore to members of the Putative Class the money and property which Defendant has illegally acquired through the unlawful treatment of each Class Member as described herein.

72. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class members are available from Defendant's records.

### THIRD CLAIM FOR RELIEF (AS TO CLASS ACTION)

**Violations of Florida Minimum Wage Act (FMWA)**

73. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-33 and 54-72 of this Complaint.

74. Plaintiff and the Class of Drivers has exhausted all of his administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically, Plaintiff and the Class of Drivers have notified Defendants of the deficiency in his wages in writing. In this written notice, Plaintiff identified the applicable State minimum wage at issue, provided actual dates and hours or accurate estimates of all of the periods for which minimum wage payment is sought, and listed the total amount of his alleged unpaid wages through the date of the notice.

75. During the statutory period, Defendants did not pay Plaintiff and the Class of Drivers the applicable Florida minimum wage, as Defendants was required to do under Section 24, Article X of the Florida Constitution as well as the FMWA.

76. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff and all similarly situated persons who join this collective action demand as follows:

a) Designation of this action as a class on behalf of the Plaintiff and the prospective Class that she seeks to represent;

b) Judgment against Defendant for an amount equal to Plaintiff's and the Class' unpaid back wages at the applicable Florida minimum wage for the class period;

c) Judgment against Defendant stating that Defendant's violations of the Section 24, Article X of the Florida Constitution as well as the FMWA were willful;

d) An amount equal to the Plaintiff's minimum wage damages as liquidated damages;

e) To the extent that liquidated damages are not awarded, an award of prejudgment interest;

f) A declaration that Defendant's practices as to Plaintiff and the Class were unlawful, and grant Plaintiff and the Class equitable relief;

g) All costs and attorney's fees incurred in prosecuting these claims; and,

h) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of April, 2020.

        Respectfully submitted,

*/s/ Brandon J. Hill*

**BRANDON J. HILL**
Florida Bar Number: 0037061
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: gnichols@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**