# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PATRICE LANGSTON,**

      **Plaintiff,**

**v.**                                                  **Case No: 6:20-cv-628-Orl-41LRH**

**LUXURY TRANSPORTATION GROUP,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE (Doc. 20)**
>
> **FILED:**     **August 25, 2020**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE.**

### I. Background

On April 11, 2020, the Plaintiff filed this action against the Defendant alleging that it failed to pay her all minimum and overtime wages owed in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207. (Doc. 1).[1] On July 10, 2020, the Plaintiff served her answers to the Court's FLSA Interrogatories. (Doc. 17). However, the Plaintiff's answers focus solely on

___

[1] The Plaintiff originally asserted her claims as a putative collective action on behalf of similarly situated employees. (Doc. 1). However, the Plaintiff did not otherwise litigate this case as a collective action, no person has filed a notice of consent to join, and the motion to approve settlement agreement only relates to the Plaintiff's individual claims. (*See* Docs. 20; 20-1).

her claim for unpaid overtime and do not calculate or state how much she is owned in minimum wages. (*See* Doc 17 at 2-3 (claiming that the Plaintiff is owed a total of $4,680.00 in *unpaid overtime wages* and an equal amount of liquidated damages)).

On August 10, 2020, the Plaintiff filed a notice of settlement. (Doc. 18). The parties now jointly move to approve their settlement agreement, which is attached to the joint motion. (Docs. 20 ("Motion"); 20-1 ("Agreement")). The Motion, however, is also silent as to the Plaintiff's claim for minimum wages (other than noting that it was asserted in the Complaint (Doc. 20 at ¶ 1)). (*See* Doc. 20). Instead, the parties focus exclusively on the settlement of the Plaintiff's claim for overtime wages and why that settlement is fair and reasonable. (*Id.*). The Agreement is similarly unclear, as it simply states that the Plaintiff will receive $1,200.00 in "alleged unpaid wages," an equal amount in liquidated damages, and $3,500.00 in attorney fees and costs in exchange for releasing all wage related claims that she may have against the Defendant. (Doc. 20-1 at ¶¶ 3-4). Despite this lack of clarity, the parties assert that the Agreement represents a fair and reasonable resolution of the Plaintiff's FLSA claims and request that their Agreement be approved and the case be dismissed with prejudice. (Doc. 20 at 4).

**II. Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a

---

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id.* at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

**III.   Analysis**

The Court cannot approve the settlement because it is unclear whether it represents a fair and reasonable compromise of the Plaintiff's minimum *and* overtime wage claims. The Plaintiff asserted both claims in the Complaint, and it is unclear from the record in this case whether she has abandoned her claim for minimum wages, or whether that claim is encompassed in her settlement of all FLSA claims. The Court cannot say that the settlement is fair and reasonable without understanding the parties' intentions with respect to *both* of the Plaintiff's wage claims.

**IV.   Conclusion**

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 20) is **DENIED WITHOUT PREJUDICE**.

2. **On or before October 16, 2020**, the parties shall file a renewed motion for settlement approval that addresses the issue raised in this Order.

**DONE** and **ORDERED** in Orlando, Florida on October 2, 2020.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties