UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICE LANGSTON,

     Plaintiff,

v.                                 Case No.: 6:20-cv-00628-CEM-LRH

LUXURY TRANSPORTATION
GROUP,

     Defendant.

_____/

**RENEWED JOINT MOTION TO APPROVE**
**SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE**

     In accordance with the Court's Order (Dkt. 21), Plaintiff, Patrice Langston, and

Defendant, Luxury Transportation Group, by and through their respective undersigned counsel

hereby file this Renewed Joint Motion to Approve Settlement Agreement and Dismiss Case with

Prejudice, and state the following in support thereof:

     1.     Plaintiff filed suit against Defendant for violations of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201, et seq., by misclassifying her as an independent contractor and

failing to pay her minimum wage and overtime during her employment.  Defendant denies all

liability and maintains that Plaintiff was properly classified and paid for all hours worked and,

therefore, is not entitled to receive any additional compensation.

     2.     Consistent with the allegations in her Complaint, Plaintiff claimed that she was

not paid overtime.  (Dkt. 17).  Plaintiff claimed to be owed approximately $4,680.00 in unpaid

overtime wages, unliquidated (18 overtime hours per week x $10.00 half time rate x 26 weeks).

(*Id.*)  Although Plaintiff initially alleged to be owed minimum wages, a review of the records

produced by Defendant showed Plaintiff was incorrect and, therefore, she did not further pursue

that claim.  (*See* Dkt. 17 indicating under oath that Plaintiff was only owed overtime wages (i.e.

18 overtime hours per week)).

3.      Based on the time and pay records, Defendant disputed Plaintiff worked the

overtime hours alleged.  In fact, Defendant's records show Plaintiff only worked 12 of the 26

weeks she claimed and was paid minimum wage.  Defendant's records show that Plaintiff was

paid more than she claims and the total hours appear to be less than what Plaintiff claims she

worked.  Defendant contends that even if Plaintiff worked 18 hours of overtime per week at the

claimed rate, her maximum back pay damages are $2,160.00 (18 overtime hours per week x

$10.00 half time rate x 12 weeks).

4.      Given the factual dispute between Plaintiff's claims and Defendants records and

taking into consideration the low number at issue, the parties engaged in immediate settlement

discussions and were able to reach a resolution of this matter.  Defendant agreed to pay Plaintiff

$1,200.00 for allegedly unpaid overtime wages and an equal amount of $1,200.00 for liquidated

damages ($2,400 total) for her overtime claim.  The amounts represent a compromise of disputed

amounts.

5.       Plaintiff agreed to settle her claims for a lesser amount than what she claimed to

be owed because she understands Defendant will put forth a strong defense based on its records

and there is a possibility she will get less than what was offered to settle.  The Agreement

guarantees Plaintiff will receive a monetary settlement nearly immediately, instead of hoping for

a possible judgment at an unknown future date after the parties engage in discovery, dispositive

motions, a trial and possible appeal.  The Settlement Agreement further allows the parties to put

this case behind them so that they can eliminate the distractions of litigation and focus on other matters.

6.    The Parties separately negotiated Plaintiff's attorneys' fees and costs in the amount of $3,500 for fees and costs.  A copy of the Settlement Agreement is attached as Exhibit A.

7.    The Parties stipulate that Plaintiff's attorneys' fees were negotiated and agreed upon separately and without regard to the amounts paid to Plaintiff.

**Memorandum of Law**

I.    **Legal Standard**

In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle claims against an employer if the parties present the district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement.  *Lynn's Foods Stores v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

II.    **Analysis**

The instant case plainly involves a situation in which the Court may allow Plaintiff to settle and release her claims against Defendant.  The proposed settlement arises out of an adversarial context.  All Parties have been represented by experienced labor counsel throughout this litigation.  The Parties' agreement to resolve this matter is not the result of any fraud or collusion by, between or among any of the Parties or counsel for the Parties.  The Parties' respective attorneys have zealously represented their clients' interests since the commencement of this litigation.  Plaintiff has agreed to the settlement amounts and believes this to be a fair and reasonable resolution of disputed claims.   The Parties understand settlement avoids the risk

inherent in any litigation and gives certainty to the outcome of this litigation for all parties involved.

The attorneys' fees and costs agreed upon to be paid by Defendant under the Settlement Agreement are separate and distinct from the consideration being paid to resolve Plaintiff's underlying wage claims. As numerous courts have held, where a Plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to their attorney, the court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. *See, e.g.*, *Bonetti v. Embarq Mgt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Parties stipulate that Plaintiff's attorneys' fees and costs in the sum of $3,500 are reasonable and, as indicated by the Settlement Agreement itself, the payment of those fees and costs are separate from and will in no way affect the amounts Plaintiff will recover.

All Parties agree that the settlement terms they have reached in this action represent a fair and equitable resolution of their claims. The terms of the Settlement Agreement are contingent upon approval by the Court.

<u>**Conclusion**</u>

The Parties jointly move this Court to approve the Settlement Agreement, and thereafter dismiss the case with prejudice

RESPECTFULLY SUBMITTED, this 2d day of October, 2020.

| | |
|---|---|
| */s/ Brandon J. Hill*<br>**BRANDON J. HILL, ESQ.**<br>Florida Bar No. 0037061<br>hill@wfcalw.com<br>Wenzel Fenton Cabassa, P.A.<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Telephone (813) 224-0431<br>Facsimile (813) 229-8712<br><br>Counsel for Plaintiff | */s/ Luis A. Santos*<br>**LUIS A. SANTOS, ESQUIRE**<br>Florida Bar No.: 84647<br>lsantos@fordharrison.com<br>FordHarrison LLP<br>101 E. Kennedy Boulevard, Suite 900<br>Tampa, FL 33602<br>Telephone (813) 261-7800<br>Facsimile (813) 261-7899<br><br>Counsel for Defendant |

WSACTIVELLP:11796103.1