**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICE LANGSTON,**

    **Plaintiff,**

**v.**         Case No: 6:20-cv-628-Orl-41LRH

**LUXURY TRANSPORTATION GROUP,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **RENEWED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE (Doc. 22)**
>
> **FILED:**     October 2, 2020
>
> **THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED**.

**I. Background**

The Plaintiff filed this action against the Defendant alleging that it failed to pay her all minimum and overtime wages owed in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207. (Doc. 1).[1]

---

[1] The Plaintiff originally asserted her claims as a putative collective action on behalf of similarly situated employees. (Doc. 1). However, the Plaintiff did not otherwise litigate this case as a collective action, no person has filed a notice of consent to join, and the motion to approve settlement agreement only relates to the Plaintiff's individual claims. (*See* Docs. 22; 22-1).

Despite asserting claims for unpaid minimum and overtime wages, the Plaintiff's answers to the Court's FLSA Interrogatories focus solely on her unpaid overtime wages. (*See* Doc. 17). Specifically, the Plaintiff claims that she is owed a total of $4,680.00 in unpaid overtime wages and an equal amount of liquidated damages. (Doc. 17 at 2-3). The Plaintiff does not calculate or state how much she is owed in minimum wages. (*See* Doc. 17).

The parties settled the case (Doc. 18) and jointly moved to approve their settlement agreement. (Docs. 20; 20-1). Upon review of their original motion, I found the parties did not address the Plaintiff's claim for minimum wages and whether that claim was compromised. (Doc. 21). I therefore denied the joint motion and directed the parties to file a renewed motion by October 16, 2020. (*Id.*).

The parties filed a renewed joint motion, along with their signed settlement agreement, on October 2, 2020. (Docs. 22 ("Motion"); 22-1 ("Agreement")). In response to my Order denying the first joint motion, the parties state that while the "Plaintiff initially alleged to be owed minimum wages, a review of the records produced by Defendant showed Plaintiff was incorrect and, therefore, she did not further pursue that claim." (Doc. 22 at ¶ 2 (citing Doc. 17 (noting the Plaintiff only stated that she was owed unpaid overtime wages)). Accordingly, the parties acknowledge that their settlement focuses on the Plaintiff's claim for overtime wages, which remains disputed. Under the Agreement, the Plaintiff will receive $1,200.00 in "alleged unpaid wages," an equal amount in liquidated damages, and $3,500.00 in attorney fees and costs in exchange for releasing all wage related claims that she may have against the Defendant. (Doc. 22-1 at ¶¶ 3-4). The parties assert that the Agreement represents a fair and reasonable resolution of the Plaintiff's FLSA claims and request that their Agreement be approved and the case be dismissed with prejudice. (Doc. 22 at 4).

**II.     Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).   Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.   *See id.* at 1353-55.   In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).   The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.   *See Lynn's Food Stores*, 679 F.2d at 1354.   There is a strong presumption in favor of settlement.   *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee

---

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   Analysis

#### A.  The Settlement Amount

While the Plaintiff originally claimed to be owed minimum and overtime wages (Doc. 1), the parties have since stated on the record that the Plaintiff, after reviewing her pay records, determined that she is not owed any minimum wages (Doc. 22 at ¶¶ 2-3). The Plaintiff has therefore abandoned her claim for unpaid minimum wages. (*Id.*).

Having determined the Plaintiff is not owed any minimum wages, the parties' settlement focuses on the Plaintiff's claim for overtime wages. Specifically, the Plaintiff claims that the Defendant misclassified her as an independent contractor and therefore was required, but failed, to pay her overtime wages in violation of the FLSA. (Docs. 1 at ¶ 19; 22 at ¶¶ 1-2). The Plaintiff claims to be owed $4,680.00 in unpaid overtime wages, plus an equal amount of liquidated damages. (Docs. 17 at 3; 22 at ¶ 2). The Defendant denies that it misclassified the Plaintiff and contends that it paid her for all hours she worked. (Doc. 22 at ¶ 1).

The parties were represented by counsel throughout this case and exchanged pay records, which show that the Plaintiff only worked 12 of the 26 weeks she claimed, her total hours appeared

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

to be less than what she claimed to work, and she was paid more than she claimed. (*Id.* at ¶ 3). Based on the parties' factual disputes, the pay records, the low amount of claimed damages, and the risk of proceeding to trial, the Plaintiff agreed to compromise her claim for overtime wages. (*Id.* at ¶¶ 4-5). Accordingly, under the Agreement, the Plaintiff will receive $1,200.00 in "alleged unpaid wages" and an equal amount in liquidated damages for releasing all wage related claims that she may have against the Defendant. (Doc. 22-1 at ¶¶ 3-4).

While the Plaintiff will receive less than half of what she claims to be owed, I find her compromise to be fair and reasonable under the circumstances of this cases. The Plaintiff has stated on the record that she is not owed any minimum wages. Therefore, the Plaintiff's recovery is limited to her claim for overtime wages. If the Defendant shows the Plaintiff was properly classified as an independent contractor, then the Plaintiff would not recover any unpaid overtime wages. *E.g. Murray v. Playmaker Servs., LLC*, 512 F. Supp. 2d 1273, 1276 (S.D. Fla. 2007) ("The FLSA does not apply to independent contractors."). And, even if the Plaintiff is a covered employee, there is a likelihood that the Plaintiff may recover significantly less than what she claims to be owed based on the parties' description of the pay records. Accordingly, by compromising her claim for overtime wages, the Plaintiff ensures that she will recover some amount for that claim. For these reasons, I find the Agreement is a fair and reasonable resolution of the Plaintiff's FLSA claims and respectfully recommend that the Court find the same.

### B. The Other Terms of the Agreement

The Agreement contains a release provision in which the Plaintiff agrees to release the Defendant from "any and all claims under the FLSA or any other wage-related statute arising out of Plaintiff's employment with Defendant." (Doc. 22-1 at ¶ 4). This release is sufficiently narrow to allay any concern that the Plaintiff may be giving up an unknown, but valuable, claim that is wholly

unrelated to her FLSA claims. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). I therefore find that the Agreement's release provision does not affect the fairness and reasonableness of the settlement. *See Thomas v. Dinner Club Foods, Inc.*, No. 6:18-cv-505-Orl-22DCI, 2018 WL 8608349, at *2 (M.D. Fla. Aug. 16, 2018) (finding release of "any and all wage related claims" was sufficiently narrow so as to not affect the fairness and reasonableness of the settlement of plaintiff's FLSA overtime claim) *report and recommendation adopted*, 2018 WL 8608350 (M.D. Fla. Sept. 19, 2018).

The Agreement does not contain any other provisions – *e.g.*, confidentiality, non-disparagement, or no-rehire provisions – that are often found to undermine the fairness and reasonableness of an FLSA settlement. (*See* Doc. 22-1). I therefore respectfully recommend that the Court find that none of the other provisions of the Agreement affect the overall fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs

The parties agreed that the Plaintiff's counsel will receive a total of $3,500.00 in attorney fees and cost. (Doc. 22-1 at ¶ 3). The parties state that they "separately negotiated Plaintiff's attorneys' fees and costs in the amount of $3,500.00 for fees and costs . . . without regard to the amounts paid to Plaintiff." (Doc. 22 at ¶¶ 6-7). The settlement is reasonable to the extent previously discussed, and the parties' representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount the Plaintiff is receiving under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, I respectfully recommend that the Court find that the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

**IV.    Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 22) be **GRANTED**.

2. The Agreement (Doc. 22-1) be found to be a fair and reasonable settlement of the Plaintiff's FLSA claims.

3. The case be **DISMISSED WITH PREJUDICE**.

4. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on October 5, 2020.

*/s/ Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy